# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **BRIAN GARDNER,** | ) | CASE NO. |
| c/o his attorneys Tittle & Perlmuter | ) | |
| 4106 Bridge Avenue | ) | JUDGE |
| Cleveland, OH 44113 | ) | |
| | ) | |
| On behalf of himself and all others | ) | **PLAINTIFF'S COLLECTIVE AND** |
| similarly situated, | ) | **CLASS ACTION COMPLAINT** |
| | ) | **UNDER THE FAIR LABOR** |
| Plaintiff, | ) | **STANDARDS ACT AND STATE LAW** |
| | ) | **WITH JURY DEMAND** |
| v. | ) | |
| | ) | |
| **RIVER CITY MORTGAGE, LLC** | ) | |
| c/o Statutory Agent | ) | |
| Nicholas Hunter | ) | |
| 2285 Pointe Place | ) | |
| Cincinnati, Ohio 45244 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Brian Gardner ("Plaintiff"), through counsel, for his Collective and Class Action Complaint against Defendant River City Mortgage, LLC, states and alleges as follows:

## INTRODUCTION

1. This case challenges Defendant's wage-and-hour practices by which it willfully violated its employees' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Constitution, art. II, § 34a, the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03, and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15(A).

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be

maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join the case pursuant to § 216(b) (the "Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of one class of persons (the "Class Members"), defined herein below, who assert factually related claims under the Ohio Constitution, Ohio's overtime compensation statute, and the OPPA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

7. At all times relevant, Plaintiff Brian Gardner was a citizen of the United States and a resident of Harrison County, Ohio and, as described below, an employee of Defendant, working as a loan officer at Defendant's place of business located in Cincinnati, Ohio.

8. Defendant River City Mortgage, LLC is a domestic limited liability company headquartered in Hamilton County, Ohio that at all relevant times was the W-2 employer of Plaintiff Brian Gardner. Its registered agent for service of process is Nicholas Hunter, 2285 Pointe

Place, Cincinnati, Ohio 45244, who upon information and belief has also been, at all relevant times, the President of River City Mortgage, LLC.

## FACTUAL ALLEGATIONS

### Defendant's Status As "Employer" of Plaintiff and Those Similarly Situated

9. Defendant was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), the Ohio Constitution, O.R.C. § 4111.03(D)(2), and O.R.C. § 4113.15(D)(4) as it was, at all relevant times, Brian Gardner's W-2 employer.

10. Defendant was also, at all relevant times, the W-2 employer of the Potential Opt-Ins and the Potential Class Members.

11. The Potential Opt-Ins and Class Members are loan officers who worked for Defendant during the time periods relevant to Plaintiff's causes of action.

### Defendant's Misclassification of Loan Officers as Exempt and Failure to Pay Minimum Wage and Overtime

12. Plaintiff was employed by Defendant from January 9, 2025 through February 10, 2025 as a loan officer, with the primary job duties of selling mortgage loans to consumers.

13. The Potential Opt-Ins and Class Members consist of all loan officers at River City Mortgage, LLC, all of whom, including Plaintiff, were to be paid on a commission basis, and all of whom Defendant classified as exempt from minimum wage and overtime pay.

14. Under 29 U.S.C. § 206 and the Ohio Constitution, art. II, §34a, employers, including Defendant, are required to pay the statutorily established minimum wage to all employees, including Plaintiff, the Potential Opt-Ins, and the Class Members.

15. Under 29 U.S.C. § 207 and Ohio Rev. Code. § 4111.03, employers, including Defendant, are required to pay non-exempt employees, including Plaintiff, the Potential Opt-Ins,

3

and the Class Members, overtime at a rate of one and one-half times the employees' regular rate of pay for all hours worked in excess of 40 per workweek.

16. Plaintiff, the Potential Opt-Ins, and the Class Members were not at any time exempt under any portion of 29 U.S.C. § 213 from the minimum wage or overtime provisions of the FLSA.

17. Plaintiff, the Potential Opt-Ins, and the Class Members were not professionally exempt.

18. Plaintiff, the Potential Opt-Ins, and the Class Members were not administratively exempt.

19. Plaintiff, the Potential Opt-Ins, and the Class members were not exempt executives.

20. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt computer employees.

21. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt outside salespeople.

22. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt retail salespeople in workweeks where they failed to meet the requirements of section 7(i) of the FLSA.

23. Plaintiff, the Potential Opt-Ins, and the Class Members regularly worked and/or work well over 40 hours in a workweek.

24. Despite being non-exempt from the FLSA's minimum wage and overtime requirements, Plaintiff, the Potential Opt-Ins, and the Class Members were paid no daily or hourly rate for their work whatsoever (and therefore certainly were not paid minimum wage), and they received no hourly overtime pay for hours they worked after 40 in a week.

25. Plaintiff, the Potential Opt-Ins, and the Class Members were to be paid commissions based on closed loans; however, in addition to not paying them minimum wage or

overtime due, Defendant also routinely did not pay them the commissions owed. For example, after Plaintiff had worked for Defendant for approximately four weeks, Defendant terminated him, did not pay him commissions valued at approximately $10,000.00, did not pay him any wages whatsoever for his hours worked, and did not pay him overtime for hours worked over 40 in a workweek, despite the fact that he was owed both minimum wage and overtime compensation.

26. Due to Defendant's misclassification of loan officers as exempt from minimum wage and overtime, as set forth above, Defendant illegally withheld minimum wage and overtime pay from loan officers, including in weeks where Plaintiff, the Potential Opt-Ins, and the Class Members worked over 40 hours and were not eligible for any exemption.

### The Willfulness of Defendants' Violations

27. Defendant knew, or recklessly disregarded, that its loan officers were entitled to minimum wage and overtime compensation under federal law and Ohio law.

28. Defendant clearly knew that no minimum wage or overtime exemption arguably applied to its loan officers. Abundant case law and U.S. Department of Labor Opinion Letters informed employers like Defendant, long before Plaintiff was even employed, that Plaintiff's position was not amenable to any minimum wage or overtime exemption.

29. Defendant also clearly knew it was not paying Plaintiff, the Potential Opt-Ins, and the Class Members minimum wage for any hours worked, or overtime for hours they worked over 40 in a workweek.

30. Defendant intentionally and willfully circumvented the requirements of the FLSA and Ohio law by uniformly classifying its loan officers as exempt from minimum wage and overtime and then failing to pay them minimum wage or overtime.

31. Defendant knew or had full reason to know that its loan officers were due minimum wage, and time-and-a-half for their overtime hours, and knew Defendant knew or had full reason to know that it was not paying loan officers these wages.

## **COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiff incorporates by reference the foregoing allegations as if fully written herein.

33. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer . . . by any one or more employees for and on behalf of themselves and other employees similarly situated."

34. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All current and former loan officers who worked for Defendant in the three years preceding the filing of this action who were classified as exempt from minimum wage and overtime pay.

35. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were subject to and injured by Defendant's identical unlawful wage-and-hour practices, and all have the same claims against Defendant for unpaid wages and overtime compensation, as well as for liquidated damages, attorneys' fees, and costs.

36. Issuance of notice to Potential Opt-Ins of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of the action, and giving them the opportunity to "opt in."

37. Plaintiff cannot yet state the exact number of similarly situated persons but avers, upon information and belief, that they consist of 50 or more persons. Such persons are readily

identifiable through the records Defendant has maintained, and was required to maintain, pursuant to the FLSA and federal law. 29 U.S.C. § 211(c) and 29 C.F.R. § 215.2.

## CLASS ACTION ALLEGATIONS

38. Plaintiff incorporates by reference the foregoing allegations as if fully written herein.

39. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and other members of Proposed Classes, defined as follows:

### Minimum Wage Class

All current and former loan officers employed by Defendant during the three years preceding the commencement of this action to the present who were paid less than Ohio's minimum wage then in-effect in one or more workweeks.

### Overtime Pay Class

All current and former loan officers employed by Defendant during the two years preceding the commencement of this action to the present who were classified as exempt from overtime and were not paid one-and-one half times their regular rate of pay for all hours worked over 40 in a workweek.

### Prompt Pay Class

All current and former loan officers employed by Defendant during the two years preceding the commencement of this action to the present who were not timely paid all wages earned by them on a semi-monthly basis and for whom that failure to pay in a timely manner was never rectified.

40. Each class is so numerous that joinder of all Class Members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of at least 50 persons. The number of Class Members, as well as their identities, are ascertainable from records Defendants have maintained and were required to maintain pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

41. There are questions of law or fact common to the Minimum Wage Class Members, including but not limited to:

    a. Whether Defendant paid minimum wage to Plaintiff and other Minimum Wage Class Members for each workweek; and

    b. Whether Plaintiff and the Minimum Wage Class Members were entitled to minimum wage.

42. There are questions of law or fact common to the Minimum Wage Class Members, including but not limited to:

    a. Whether Defendant required or suffered Plaintiff and other Class Members to work over 40 hours in workweeks;

    b. Whether Defendant paid Plaintiff and other Class Members overtime pay in workweeks where they worked hours in excess of 40; and

    c. Whether Defendant knew, or recklessly disregarded, its obligation to pay loan officers overtime pay for workweeks where they worked hours in excess of 40.

43. There are questions of law or fact common to the Prompt Pay Class Members, including but not limited to:

    a. Whether Defendant knew or should have known that Plaintiff and other Prompt Pay Class Members had earned commissions and failed to pay them those commissions earned; and

    b. Whether Defendant violated Ohio law by failing to timely pay Plaintiff and other Prompt Pay Class Members for all wages earned on a semi-monthly basis, and by never rectifying that failure to pay in a timely manner.

44. Plaintiff's claims are typical of the claims of other members of the Class Members in all three classes because Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other Class Members.

45. Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class

8

Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class Members in this case.

46. The questions of law or fact that are common to the Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liabilities to Class Members, listed above, are common to the Class Members as a whole, and predominate over any questions affecting only individual Class Members.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
## (FLSA Minimum Wage Violations)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Plaintiff brings this claim for violation of the FLSA's minimum wage provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to be a party to this action pursuant to § 216(b) is filed herewith.

50. The FLSA required Defendant to pay their employees minimum wage as set forth in 29 U.S.C. § 206(a).

51. Plaintiff and the Potential Opt-Ins – i.e., Defendant's loan officers – were not paid minimum wage and Defendant knew they were not paid minimum wage.

52. Based on the foregoing, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

53. As a result of the Defendant's violations of the FLSA's minimum wage provisions, Plaintiff and the Potential Opt-Ins were injured in that they did not receive minimum wages due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to unpaid compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court . . . shall . . . allow a reasonable attorney's fee to be paid by the defendants, and the costs of the action."

## COUNT TWO
### (FLSA Overtime Violations)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to be a party to this action pursuant to § 216(b) is filed herewith.

56. The FLSA required Defendant to pay its non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

57. Plaintiff and the Potential Opt-Ins – i.e., Defendant's loan officers – are non-exempt from the FLSA's provisions requiring overtime pay.

58. Defendant nonetheless classified its loan officers as outright exempt from overtime pay, and thus failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins, even though they were not eligible for any exemption.

59. In doing so, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

60. As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT THREE
### (Ohio Minimum Wage Violations)

61. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. Plaintiff brings this claim for violation of the Ohio Constitution's minimum wage provision, Ohio Const., art. II, §34a, on behalf of himself and the Class Members.

63. At all times relevant, Plaintiff and others similarly situated were "employees" within the meaning of the Ohio Constitution, art. II, §34a.

64. At all times relevant, Defendant was an employer covered by the Ohio Constitution, art. II, §34a.

65. Section 34a of Article II, Ohio Constitution, required Defendant to pay its employees at the minimum wage specified in that section.

66. At all times relevant, Defendant failed to pay its loan officers minimum wage as required by the Ohio Constitution.

67. Defendant's violations of the Ohio Constitution injured Plaintiff and the Class Members in that they did not receive minimum wage due to them pursuant to that provision of the Constitution. Accordingly, Plaintiff and the Class Members are entitled to their unpaid wages, attorneys' fees, and costs.

## COUNT FOUR
### (Ohio Overtime Violations)

68. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. Ohio Rev. Code § 4111.03(A) required that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty in a workweek.

70. At all relevant times, Plaintiff and the Class Members were non-exempt employees of Defendant, who, as already set forth herein, Defendant improperly and illegally misclassified as exempt.

71. Plaintiff and the Class Members regularly worked 40 or more hours per workweek.

72. As non-exempt employees, Plaintiff and the Class Members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

73. Defendant violated Ohio Rev. Code § 4111.03(A) with respect to Plaintiff and the Class Members by failing to pay overtime for all hours worked over forty (40) hours in a workweek, because Defendant had a company-wide practice of not paying Plaintiff and the Class Members overtime for hours worked over 40 in a workweek.

74. Defendant's violations of Ohio Rev. Code § 4111.03(A) injured Plaintiff and the Class Members in that they did not receive overtime compensation due to them pursuant to that statute. Accordingly, Plaintiff and the Class Members are entitled to their unpaid overtime compensation, attorneys' fees, and costs.

## COUNT FIVE
### (Ohio Prompt Pay Act Violations)

75. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

76. Ohio's Prompt Pay Act, Ohio Rev. Code § 4113.15(A) provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by the during the last half of the preceding calendar month."

77. Defendant failed to pay all wages due under the OPPA to Plaintiff and the Class Members, which entitles them to unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Minimum Wage, Overtime Pay, and Prompt Pay Classes;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class Members;

D. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E. Award compensatory damages to Plaintiff and the Class Members in the amount of their unpaid wages;

F. Award liquidated damages to Plaintiff and the Minimum Wage Class Members in the amount of two times the amount of their unpaid minimum wages;

G. Award liquidated damages to Plaintiff and the Overtime Pay Class Members in an amount equal to their unpaid overtime wages;

H. Award liquidated damages to Plaintiff and the Propmt Pay Class Members in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater; and

I. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Kathleen R. Harris*
Scott D. Perlmuter (0082856)
Kathleen R. Harris (0088079)
4106 Bridge Avenue
Cleveland, Ohio 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com
katie@tittlelawfirm.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Kathleen R. Harris*
Scott D. Perlmuter (0082856)
Kathleen R. Harris (0088079)

14